UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:13-CV-00194-TBR

FORREST B. WHITE, JR. MASONRY, INC.                                 Plaintiff

v.

ABG CAULKING CONTRACTORS, INC., *et al.*                            Defendants

## MEMORANDUM OPINION AND ORDER

Presently pending before the Court are the following Motions:

(1) Defendant Swiss Re International SE's (Swiss Re) Motion to Bifurcate and Stay Discovery,[1] (Docket No. 10), to which Plaintiff Forrest B. White, Jr. Masonry Inc. (White Masonry) has responded in opposition, (Docket No. 20); and

(2) Defendant Swiss Re and nonparty First Specialty Insurance Corporation's (First Specialty) joint Motion to Extend Time to Serve Initial Disclosures. (Docket No. 16.) White Masonry has not responded in opposition to this Motion, and the time to do so now has passed.

This action arises from a construction project in Christian County, Kentucky, on which White Masonry and Defendant ABG Caulking Contractors, Inc. (ABG), were subcontractors. White Masonry asserts two distinct claims in this action. First, White Masonry alleges that ABG negligently damaged certain equipment that White Masonry had rented for use at the site. Second, White Masonry alleges that ABG's liability

---

[1] By Order of March 11, 2014, the Court granted Swiss Re and First Specialty's joint motion to substitute First Specialty in place of Swiss Re. (Docket No. 22.) Although the Motion to Bifurcate and Stay Discovery, (Docket No. 10), was filed by Swiss Re, the Court will proceed to address it as if it had been filed by the substituted party, First Specialty.

insurer, Swiss Re, violated provisions of the Kentucky Unfair Claims Settlement Practices Act and breached common law duties of good faith and fair dealing toward White Masonry in failing to properly investigate and attempt to settle the claim against its insured, ABG.

Swiss Re first moves to bifurcate White Masonry's negligence claim against ABG from its bad faith claim against Swiss Re, and to stay discovery on the latter claim. Federal Rule of Civil Procedure 42(b) provides that a court may bifurcate a matter into separate trials "[f]or convenience, to avoid prejudice, or to expedite and economize." The decision to bifurcate is firmly within the discretion of the trial court. *Smith v. Allstate Ins. Co.*, 403 F.3d 401, 407 (6th Cir. 2005). "In determining whether separate trials are appropriate, the court should consider several facts, including 'the potential prejudice to the parties, the possible confusion of the jurors, and the resulting inconvenience and economy.'" *Wilson v. Morgan*, 477 F.3d 326, 339 (6th Cir. 2007) (quoting *Martin v. Heideman*, 106 F.3d 1308, 1311 (6th Cir. 1997)). Courts should look to case-specific facts to determine whether bifurcation is proper, placing the burden on the party seeking bifurcation to show separation of issues is the most appropriate course. *E.g.*, *Brantley v. Safeco Ins. Co. of Am.*, 2011 WL 6012554, at *1 (W.D. Ky. Dec. 1, 2011).

It is clear under Kentucky law that White Masonry's bad faith claims against ABG's insurer cannot proceed until White Masonry proves it is entitled to recover against ABG. *See Wittmer v. Jones*, 864 S.W.2d 885, 891 (Ky. 1993) ("[A]t trial, the underlying negligence claim should first be adjudicated. Only then should the direct action against the insurer be presented."); *see also Shearer v. Ohio Cas. Ins. Co.*, 2012

WL 4338675, at *1 (E.D. Ky. Sept. 20, 2012) (applying *Wittmer*, 864 S.W.2d at 891). Thus, bifurcation serves the interests of judicial economy and convenience where resolution of one claim may resolve the entire matter. Bifurcation of the trials will avoid the expense of litigating issues that may never arise. Bifurcation also will permit the jury to focus on a single issue at a time, thereby avoiding the introduction of potentially confusing evidence until absolutely necessary. Furthermore, the Court recognizes the risk of prejudice, particularly to Swiss Re, inherent in trying White Masonry's bad faith claim simultaneously with its negligence claim against ABG. Trying the two claims together would be prejudicial because it would unnecessarily interject the issue of bad faith into the primary dispute of liability, thereby making discovery more difficult and complicating the issues at trial. *See Shearer*, 2012 WL 4338675, at *2; *Hardy Oil Co. v. Nationwide Agribus. Ins. Co.*, 2011 WL 6056599, at *1 (E.D. Ky. Dec. 6, 2011); *Pollard v. Wood*, 2006 WL 782739, at *2 (E.D. Ky. Mar. 27, 2006). Bifurcation would not, however, prejudice White Masonry, as it will have the opportunity to litigate its bad faith claim against Swiss Re if it succeeds on its underlying claim against ABG. Therefore, the Court finds bifurcation of the negligence and bad faith claims appropriate here and will GRANT Swiss Re's Motion to Bifurcate.

The Court reaches a similar conclusion in regard to Swiss Re's request to bifurcate the discovery process and stay discovery of White Masonry's bad faith claims pending resolution of the primary dispute over liability. "Trial courts have broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Gettings v. Bldg. Laborers Local 310 Fringe Benefits Fund*, 349 F.3d 300, 304 (6th Cir. 2003) (citing *Hahn v. Star Bank*, 190 F.3d

708, 719 (6th Cir. 1999)).  Here, the Court finds that staying discovery of White Masonry's bad faith claims pending resolution of its negligence claim against ABG would prevent prejudice, eliminate potentially unnecessary litigation expenses, and also further the interests of judicial economy.  As such, the Court will GRANT Swiss Re's Motion to Stay Discovery.

Swiss Re/First Specialty also jointly move for an extension of time to serve their initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1).  (Docket No. 16.)  In view of the Court's decision above to bifurcate this action and stay discovery of White Masonry's bad faith claims, the Court will GRANT this Motion as well.

CONCLUSION AND ORDER

Having considered the parties' respective arguments and being otherwise sufficiently advised, for the foregoing reasons;

IT IS HEREBY ORDERED as follows:

(1) Defendant Swiss Re's Motion to Bifurcate and Stay Discovery, (Docket No. 10), is GRANTED.  This matter shall be bifurcated into two separate proceedings, the first encompassing White Masonry's negligence claim against Defendant ABG, and the second its bad faith claims against Defendant Swiss Re.  Discovery relating to White Masonry's bad faith claims is stayed pending resolution of its negligence claim against ABG;

(2) First Specialty's Motion to Extend Time to Serve Initial Disclosures, (Docket No. 16), is GRANTED.  First Specialty shall serve its initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) within 14 days after the Court's entry of an order lifting the stay of discovery ordered in paragraph (1) above.

IT IS SO ORDERED.

Date:

cc:     Counsel